**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BRIAN P. CARR,**

                    **Plaintiff,**              **1:11-cv-199
                                                                     (GLS/RFT)**

              **v.**

**STATE UNIVERSITY
OF NEW YORK et. al,**

                    **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Brian P. Carr
Pro Se
719 6th Avenue
Watervliet, NY 12189

**FOR THE DEFENDANTS:**
*SUNY, Zimpher, Engelbride,
Philip, DeRensis, and Knight-Thomas*
HON. ERIC T. SCHNEIDERMAN     ADRIENNE J. KERWIN
New York State Attorney General     Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

*Unidentified Defendants*
NO APPEARANCE

**Gary L. Sharpe
District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. **Introduction**

Plaintiff *pro se* Brian P. Carr commenced this action against defendants[1] alleging violations of his First and Fourteenth Amendment rights.[2]  Pending is defendants' motion to dismiss.  (*See* Dkt. No. 7.)  For the reasons that follow, defendants' motion to dismiss is granted.

## II. **Background**

### A. **Factual History**[3]

In February 2010, Brian P. Carr applied for admission to the Masters of Social Work program ("Masters program") at the University at Albany ("SUNY Albany"), a subset of the State University of New York.  (Compl. ¶ 2, Dkt. No. 1.)  Despite his academic credentials, which included a Masters

---

[1] State University of New York ("SUNY"), Chancellor Nancy L. Zimpher, Associate Provost Ed Engelbride, President George M. Philip, Associate Director of Graduate Admissions Michael DeRensis, and Assistant Dean for Graduate Admissions Dawn Knight-Thomas (hereafter "SUNY defendants").

[2] Carr's Complaint cites 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1986, and 1988 as the bases for jurisdiction.  (*See* Compl. ¶ 16, Dkt. No. 1.)  However, with the exception of possibly § 1983, he fails to provide support for these claims.  (*See generally id.* ¶¶ 1-53; Dkt. No. 9, Attach. 2.)  Although detailed factual allegations are not required, Carr must "provide the grounds of his entitlement to relief[,] . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As such, Carr's claims, to the extent he seeks to assert them under 42 U.S.C. §§ 1981, 1982, 1985(3), 1986, and 1988, are dismissed.

[3] The facts are drawn from Carr's Complaint and presented in a light most favorable to him. (*See* Compl., Dkt. No. 1.)

degree from M.I.T. and a bachelors degree from the United States Military Academy, Carr's application was denied in April 2010; his request for reconsideration was also denied.  (*Id.* ¶¶ 2-6.)  Thereafter, Carr contacted defendant Michael DeRensis, Director of Graduate Admissions, and was informed there were no additional avenues available to appeal the denial of his application.  (*Id.* ¶ 8.)

Carr alleges that "[t]here was confusion as to the criteria used to evaluate applications" for the Masters program, and this confusion caused him to err in formulating his Statement of Goals.  (*Id.* ¶ 7.)  After attending an admission's information program, and meeting with Dawn Knight-Thomas, Assistant Dean for Graduate Admissions, Carr "developed a revised Statement of Goals," which he submitted to SUNY for consideration.  (*Id.* ¶ 9.)  Though DeRensis initially refused to process Carr's new application without the requisite fee, he later agreed—after Carr contacted SUNY Chancellor Zimpher and President Philip—to waive the fee and include the application in the early decision group.  (*Id.* ¶ 11.)  The deadline for early decision applications was November 1, 2010.  (*Id.* ¶ 11.)

Instead of reapplying to the Masters program, Carr, concerned that his initial rejection resulted from the lack of "coherent or objective"

3

admissions criteria and SUNY Albany's "feelings about him being an older white male veteran" applied to the doctoral program in the Department of Psychology.  (*Id.* ¶¶ 12-13.)  As he had before, DeRensis "refused to process the application unless an additional fee was paid."  (*Id.* ¶ 14.)  Carr again sought assistance from Chancellor Zimpher and President Philip, but was referred to Associate Provost Ed Engelbride instead.  (*Id.*)  A resolution regarding the application fee was never reached and Carr's application to the Department of Psychology was not processed.  (*Id.*)  Likewise, his applications in February 2011 to various graduate programs at SUNY Albany were also rejected by DeRensis as Carr refused to pay the application fees.  (*Id.* ¶ 15.)

Carr now seeks an order directing SUNY Albany to, *inter alia*, grant him admission to the Masters of Social Work and the Doctorate of Psychology programs, as well as damages for lost wages and financial aid. (*Id.* Prayer for Relief.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well

established and will not be repeated here.[4]  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV.  Discussion[5]

SUNY defendants assert multiple grounds for dismissal, including Eleventh Amendment immunity, and failure to a state claim for which relief may be granted.  (*See generally* Dkt. No. 7, Attach. 1.)  Carr's response, which includes a request to add Attorney General Eric T. Schneiderman as a defendant, fails to substantively counter any of these arguments.[6]  (*See generally* Dkt. No. 9, Attach. 1.)  Despite this failure, it is Carr's inability to overcome Eleventh Amendment immunity, show that he exhausted New

---

[4] Because Carr is proceeding *pro se*, the court will construe his Complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[5] As a threshold matter, the court notes that Carr's Fourteenth Amendment due process claims fail to specify whether his procedural or substantive due process rights were violated.  (*See* Compl. ¶¶ 25-53, Dkt. No. 1.)  Since the "Fourteenth Amendment does not protect a public education as a substantive fundamental right," *Handberry v. Thompson*, 446 F.3d 335, 352 (2d Cir. 2006), Carr's claims, which focus on the admission's policies and procedures, will be construed as procedural due process claims.

[6] In addition to adding Attorney General Schneiderman as a defendant, Carr seeks permission to amend his Complaint.  (*See* Dkt. No. 9, Attach. 1 at 4.)  However, his proposed "Supplement to Complaint," not only fails to address the factual deficiencies raised by the SUNY defendants, but also does not meet the requirements of either Fed. R. Civ. P. 8(a)(2) or N.D.N.Y. L. R. 7.1(a)(4).  (*See* Dkt. No. 9, Attach. 2.)  Furthermore, a suit against Schneiderman in his official capacity is barred by the Eleventh Amendment, and Carr has not alleged any personal involvement by Schneiderman to render him amenable to suit in his individual capacity.  *See, e.g., Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).   As such, Carr's requests to amend are futile, and thus are denied.

York's post deprivation remedy, and plead sufficient facts to state a *prima facie* case of age and religious discrimination that are fatal to his Complaint.

**A.     Eleventh Amendment Immunity**

Defendants aver that Carr's claim for damages against SUNY Albany and the individual defendants in their official capacities is barred by the Eleventh Amendment.  (*See* Dkt. No. 7, Attach. 1 at 9.)  The court agrees.

The Eleventh Amendment shields states and their agencies, departments, and officials in their official capacities from suit in federal court, regardless of the relief sought. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986); *see also Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (holding that "[f]or Eleventh Amendment purposes, SUNY is an integral part of the government of the State [of New York] and when it is sued the State is the real party.") (internal quotations omitted).  This immunity gives way in only three circumstances: (1) where it is waived by the state; (2) where it has been abrogated by Congress, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985); and (3) where a state official is sued in her official capacity for prospective injunctive relief, *see Ex parte Young*, 209 U.S. 123, 157 (1908).

6

Since Carr's claims do not fall within any of these recognized exceptions, the defendants' motion is granted and all claims against SUNY and the individual defendants in their official capacities are dismissed.

## B.   Post-Deprivation Remedy

SUNY defendants allege that Carr was not deprived of a constitutionally protected interest, but, even if he was, his failure to commence an Article 78 proceeding acts as a waiver of his due process claims.  (*See* Dkt. No. 7, Attach. 1 at 3-4.) The court concurs.

Even if the interests advanced by Carr as the basis for his due process claims were protected by federal or state law, *see Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995), his claims still fail as there can be no Due Process Clause violation "so long as the State provides a meaningful postdeprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citation omitted).  In New York State, an Article 78 proceeding provides an avenue of post-deprivation redress that satisfies due process requirements.  *See Gudema v. Nassau Cnty.*, 163 F.3d 717, 724 (2d Cir. 1998).  "[I]t matters not whether a plaintiff actually avails himself of the state court post-deprivation process.  So long as that process is available, a due process claim must be

7

dismissed." *Longo v. Suffolk Cnty. Police Dep't*, 429 F. Supp. 2d 553, 560 (E.D.N.Y. 2006) (citations omitted).  In other words, "there is no constitutional violation (and no available § 1983 action) when there is an adequate state post-deprivation procedure." *Hellenic*, 101 F.3d at 882 (citations omitted).

Here, Carr failed to bring an Article 78 proceeding to challenge the denial of his applications to SUNY Albany.  Nonetheless, he argues that it is "unclear that any of the deprivations described could be resolved under an Article 78 hearing." (*See* Dkt. No. 9, Attach. 1 at 5.)  This argument is without merit.  *See, e.g., Maas v. Cornell Univ.*, 94 N.Y.2d 87, 92 (1999) (stating that an Article 78 proceeding is the "appropriate vehicle" for "dealing with and reviewing controversies involving colleges and universities"); *Bottalico v. Adelphi Univ.*, 299 A.D.2d 443, 443 (2d Dep't. 2002) (affirming that plaintiff should have brought an Article 78 proceeding to determine whether the university's "decision to deny her admission to a doctoral psychology program 'was arbitrary and capricious, irrational, made in bad faith or contrary to Constitution or statute.'") (internal citations omitted).  Accordingly, Carr's due process claims are dismissed.

8

**C.     Age and Religious Discrimination**[7]

SUNY defendants argue that Carr's causes of action for age and religious discrimination should be dismissed as there are only cursory allegations of discrimination in his Complaint.  (*See* Dkt. No. 3-8.)  In response, Carr asserts that "[i]n order to demonstrate widespread illegal discrimination, [he] . . . will review hundreds of previous applications according to several objective measures."  (*See* Dkt. No. 9, Attach. 1 at 5.)  The court cannot sanction such an expedition.

Here, Carr has not offered any evidence that the SUNY defendants were aware of his age or religion, or more importantly, took any adverse action on the basis of this knowledge.  With the exception of "labels and conclusions," *see Bell Atl. Corp.*, 550 U.S. at 555, Carr fails to plead "factual content that allows the court to draw the reasonable inference that the [SUNY] defendants [are] liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  As such, Carr's remaining

---

[7] Carr attempts to frame his second cause of action for religious discrimination as an equal protection claim.  (*See* Compl. ¶¶ 33-39, Dkt. No. 1.)  However, he has not provided any facts to show that SUNY Albany was aware of his religion or treated him differently because of it.  *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (To establish an equal protection claim, a plaintiff must demonstrate "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.").  Accordingly, to the extent Carr seeks to establish a claim under the Equal Protection Clause of the Fourteenth Amendment, that claim is dismissed.

claims for age and religious discrimination are dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the SUNY defendants' motion to dismiss (Dkt. No. 7) is **GRANTED** and all claims against the SUNY defendants in their official and individual capacities are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

October 7, 2011
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge